UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ANDREA CHANCELLOR,<br><br>             Plaintiffs,<br>    v.<br><br>ONEWEST BANK, *et al.,*<br><br>             Defendants.<br>_____/ | No. C 12-01068 LB<br><br>**ORDER GRANTING PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Re: ECF No. 27] |

## I. INTRODUCTION

Plaintiff Andrea Chancellor brought this action against OneWest Bank ("OneWest") and Cal-Western Reconveyance Corporation ("Cal-Western") (collectively, "Defendants") stemming from the possible modification of her mortgage loan by OneWest and from Cal-Western's initiation of foreclosure proceedings. OneWest now has moved to dismiss certain claims alleged in Ms. Chancellor's Second Amended Complaint. Upon consideration of the papers submitted and applicable legal authorities, the court **GRANTS IN PART** and **DENIES IN PART** OneWest's motion.[1]

## II. BACKGROUND

Ms. Chancellor purchased a condominium at 930 Blosson Way in Hayward, California in 1993.

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the September 6, 2012 hearing.

Second Amended Complaint ("SAC"), ECF No. 19 at 5, ¶ 13.[2] Many years later, in February 2007, she obtained from IndyMac Bank an adjustable rate mortgage that is secured by a first deed of trust in the amount of $400,000 and a second deed of trust in the amount of $50,000, on her condominium. *Id*. at 5-6, ¶ 14, Ex. A. In March 2009, OneWest acquired IndyMac's loans and servicing rights. *See* Failed Bank Information, Information for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA, http://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited Aug. 28, 2012).

By April 2009, Ms. Chancellor was having difficulty staying current on her loan payments, so she sought either a special forbearance agreement or a loan modification from OneWest. SAC, ECF No. 19 at 8, ¶ 23. Eventually, in October 2009, OneWest offered her a temporary loan modification through a Trial Period Plan ("TPP") under the Home Affordable Modification Program ("HAMP") (the "HAMP TPP"). *Id*. at 8, ¶ 24, Ex. B at 61-62. Ms. Chancellor signed and executed the HAMP TPP on October 9, 2009. *Id*. at 8, ¶ 25, Ex. B at 54. Under its terms, Ms. Chancellor was to make three monthly payments of $1,159.15 on or before November 1, 2009, December 1, 2009, and January 1, 2010. *Id*. at 8, ¶ 25, Ex. B. at 53. The HAMP TPP also provides:

> Except as set forth in Section 2.C. below [which is applicable only to property located in Georgia, Hawaii, Missouri, or Virginia], the Lender [OneWest] will suspend any scheduled foreclosure sale, provided I [Ms. Chancellor] continue to meet the obligations under this Plan [the HAMP TPP], but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action. . . .

*Id*., Ex. B at 53.

Ms. Chancellor made the first payment by November 1, 2009. *Id*. at 16, ¶ 74. Nevertheless, on November 4, 2009, OneWest, through its trustee Cal-Western, recorded a Notice of Default with respect to Ms. Chancellor's property. *Id*. at 9, ¶ 26. The Notice of Default stated that she was $15,296 in default on her loan. *Id*. Ms. Chancellor contends that the filing of the Notice of Default (and, thus, the institution of foreclosure proceedings) violated both the HAMP TPP and oral

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

promises made by OneWest's representatives, whom she alleges told her that Defendants would not initiate any foreclosure proceedings unless she failed to comply with the terms of the HAMP TPP. *Id*. at 9, ¶ 27. Ms. Chancellor alleges that she not only made the three payments by November 1, 2009, December 1, 2009, and January 1, 2010, but also made seven additional payments through September 2010. *Id*. OneWest accepted all of these payments and applied them to the balance of her loan but never approved Ms. Chancellor for a permanent loan modification. *Id*.

On January 28, 2010, "in fear that ONEWEST would proceed with a foreclosure sale," Ms. Chancellor filed a Chapter 13 bankruptcy petition (the "First Bankruptcy Case") in this district. *Id*. at 9, ¶ 28; *see In re Chancellor*, No. 10-bk-40906 EDJ 13 (Bankr. N.D. Cal. Jan. 28, 2010).

Notwithstanding its acceptance of Ms. Chancellor's monthly payments, OneWest, through Cal-Western, recorded a Notice of Trustee's Sale on February 5, 2010. SAC, ECF No. 19 at 9, ¶ 29. Because the Notice of Trustee's Sale was recorded in violation of the automatic stay due to the First Bankruptcy Case, OneWest rescinded it. *Id*.

On March 17, 2010, the bankruptcy court dismissed the First Bankruptcy Case because Ms. Chancellor failed to file certain required documents. *Id*. at 9, ¶ 30; *see* Order of Dismissal, ECF No. 27, *In re Chancellor*, No. 10-bk-40906 EDJ 13 (Bankr. N.D. Cal. Mar. 17, 2010); Order Denying Motion to Vacate Dismissal and Reopen Case, ECF No. 34, *In re Chancellor*, No. 10-bk-40906 EDJ 13 (Bankr. N.D. Cal. July 8, 2010). On March 25, 2010, Ms. Chancellor filed another Chapter 13 bankruptcy petition (the "Second Bankruptcy Case"), which was later converted to a Chapter 7 bankruptcy petition. SAC, ECF No. 19 at 10, ¶ 31; *see In re Chancellor*, No. 10-bk-43311 MEH 7 (Bankr. N.D. Cal. Mar. 2, 2010). On September 29, 2010. OneWest obtained relief from the automatic stay put in place by the Second Bankruptcy Case. SAC, ECF No. 19 at 10, ¶ 31; *see* Order Terminating Automatic Stay, ECF No. 32, *In re Chancellor*, No. 10-bk-43311 MEH 7 (Bankr. N.D. Cal. Sep. 29, 2010).

Ms. Chancellor alleges that around this time she "was orally informed that she did not qualify for a permanent loan modification" and "was told by ONEWEST that she could not longer continue making the monthly payments she had made in good faith for the last ten (10) months." SAC, ECF No. 19 at 10, ¶ 32. She further alleges that "ONEWEST did not give a reason for the denial"; rather,

a "representative from ONEWEST merely stated that they recommended that she 'save her money.'" *Id*. "Although [she] was ready and willing to make additional payments, she stopped making payments as instructed." *Id*. at 10, ¶ 33. OneWest, through Cal-Western, recorded another Notice of Trustee's Sale on November 10, 2011, and Ms. Chancellor alleges that it may have filed two more since then. *Id*. at 10, ¶ 35.

Plaintiff filed a third Chapter 13 bankruptcy petition (the "Third Bankruptcy Case") on January 31, 2011. *In re Chancellor*, No. 11-bk-41061 EDJ 13 (Bankr. N.D. Cal. Jan. 31, 2011). Because the Second Bankruptcy Case was (and is) open and pending, the bankruptcy court dismissed the third one on February 10, 2011. Order of Dismissal, ECF No. 11, *In re Chancellor*, No. 11-bk-41061 EDJ 13 (Bankr. N.D. Cal. Feb. 10, 2011).

Plaintiff filed the instant civil action on January 5, 2012 in Alameda County Superior Court. Notice of Removal, ECF No. 1, Ex. 1; *see Chancellor v. OneWest Bank*, No. HG12610995 (Jan. 5, 2012). OneWest and Cal-Western both were served with the complaint and summons. Proof of Service (Onewest), No. HG12610995 (Feb. 3, 2012); Proof of Service (Cal-Western), No. HG12610995 (Feb. 3, 2012). Cal-Western responded on February 16, 2012 by filing a declaration of non-monetary status pursuant to California Civil Code § 2924(b), so it is no longer considered a party to this action. Declaration Non-Monetary, No. HG12610995 (Feb. 22, 2012).[3]

OneWest did not answer the complaint. Instead, on March 2, 2012, OneWest removed the action

---

[3] Pursuant to California Civil Code § 2924l, a trustee may file a declaration of non-monetary status in the event that it is named in an action in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties. Cal. Civ. Code § 2924a. In the event that no objection is served within 15 days plus 5 days from the date of service (as is the case here), the trustee shall not be required to participate in the action and shall not be subject to any damages. *Id*. at § 2924b, d. In cases where the trustee filed a declaration in non-monetary status prior to an action being removed to federal court, courts in this district have found the declaration to be operative and considered the trustee not to be a party to the litigation. *See Tabula v. Washington Mutual Bank*, No. C10-05819 HRL, 2011 WL 1302800, at *1, n.1 (N.D. Cal. Feb. 28, 2011); *Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 WL 761081, at * 1, n.1 (N.D. Cal. Mar. 2, 2010); *but c.f. Kennedy v. PLM Lender Servs., Inc.*, No. C 10-04942 WHA, 2012 WL 1038632, at *5-7 (N.D. Cal. Mar. 27, 2012) (concluding in an action that was initially filed in federal court that § 2924l declarations are not recognized in federal court under the *Erie* doctrine).

to this court on federal question grounds. *Id*. at 2, ¶¶ 3-5. Then, on March 9, 2012, OneWest moved to dismiss Plaintiff's complaint. First Motion, ECF No. 4. In response, Ms. Chancellor filed a First Amended Complaint on March 23, 2010, in accordance with Federal Rule of Civil Procedure 15(a)(1)(B). FAC, ECF No. 11. The First Amended Complaint contained claims for the following: (1) wrongful foreclosure in violation of California Civil Code § 2923.5; (2) violation of California Civil Code § 2923.6; (3) breach of contract; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (5) breach of the covenant of good faith and fair dealing; (6) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (7) violation of the "Unfair and Deceptive Business Act Practices (UDAP)"; (8) negligence; (9) intentional misrepresentation; (10) negligent misrepresentation; (11) "preliminary and permanent injunction"; and (12) quiet title. *See generally* FAC, ECF No. 11.

OneWest moved to dismiss the First Amended Complaint. Second Motion, ECF No. 12. On May 22, 2012, the court granted in part and denied in part the motion. 5/22/2012 Order, ECF No. 18. The court dismissed without prejudice Ms. Chancellor's claims for violation of California Civil Code § 2329.5, and for breach of contract to the extent it is based on an oral contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, and quiet title. *Id*. The court dismissed with prejudice Ms. Chancellor's claims for violation of California Civil Code § 2329.6, UDAP, and for breach of contract to the extent it is based on the OneWest-Fannie Mae Servicer Participation Agreement. *Id*. The court ruled that Ms. Chancellor's RESPA, breach of contract to the extent it is based on the HAMP TPP, negligence, and UCL claims survive. *Id*.

Ms. Chancellor filed a Second Amended Complaint on June 13, 2012. SAC, ECF No. 19. In it, she includes the surviving RESPA, breach of the HAMP TPP, negligence, and UCL claims. *Id*. She also re-alleges claims for violation of California Civil Code § 2329.5, and for breach of an oral contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and quiet title. *Id*. She abandoned her intentional misrepresentation claim.

On July 2, 2012, OneWest moved to dismiss the re-alleged claims that were dismissed without

prejudice in the 5/22/2012 Order. Third Motion, ECF No. 27.[4] Ms. Chancellor filed an opposition to OneWest's motion, Opposition, ECF No. 30. OneWest did not file a reply.

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

---

[4] OneWest also argues that Ms. Chancellor's claim for breach of the HAMP TPP should be dismissed because she cannot allege that it breached the HAMP TPP. Third Motion, ECF No. 27 at 10. Because OneWest previously moved under Rule 12(b)(6) to dismiss Ms. Chancellor's breach of the HAMP TPP claim, *see* Second Motion, ECF No. 12 at 22, the court already ruled in its 5/22/2012 order that this claim survives, the court will not take up OneWest's new Rule 12(b)(6) argument now. "If a party makes a Rule 12(b)(6) motion for failure to state a claim, but omits a defense or objection then available, the party may not raise that defense or objection in a subsequent Rule 12(b)(6) motion." *Larson v. Johnson*, 2007 WL 3390883, at *3 (D. Ariz. Nov. 13, 2007) (citing Fed. R. Civ. P. 12(g)). "Rather, the party may raise the defense in its answer, by motion for judgment on the pleadings, or at the trial on the merits." *Id*. (citing Fed. R. Civ. P. 12(h)(2)).

C 12-01068 LB
ORDER                                                    6

*v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV. DISCUSSION

### A. Wrongful Foreclosure Based on Violations of California Civil Code §§ 2329.5

In her first cause of action, Ms. Chancellor re-alleges her claim against OneWest for wrongful foreclosure in violation of California Civil Code § 2923.5. SAC, ECF No. 19 at 12-15, ¶¶ 46-65.

Section 2923.5 obligates a party to contact a borrower by phone or in person at least 30 days before filing a notice of default in order to "explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). The statute also requires a notice of default to include "a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower" or "has tried with due diligence to contact the borrower as required by this section." Cal. Civ. Code § 2923.5(b). "The right conferred by section 2923.5 is a right to be contacted to 'assess' and 'explore' alternatives to foreclosure prior to a notice of default." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (2010). "Any 'assessment' must necessarily be simple—something on the order of, 'why can't you make your payments?' . . . . Exploration must necessarily be limited to merely telling the borrower the traditional ways that foreclosure can be avoided . . . , as distinct from requiring the lender to engage in a process that would be functionally indistinguishable from taking a loan application in the first place." *Id*. at 232. "The only remedy provided [for a violation of Section 2923.5] is a postponement of the sale before it happens." *Id*. at 235 (emphasis in original).

Ms. Chancellor alleges that Defendants recorded the Notice of Default (and thereby, initiated foreclosure proceedings) without first contacting her to discuss alternatives to foreclosure. SAC, ECF No. 19 at 12-15, ¶¶ 46-56. She alleges that it was she who had to make contact with Defendants; that Defendants did not send her a first class letter that included a toll-free number; that Defendants did not attempt to contact her by telephone at least three times at different times and on different days; and that Defendants did not send her a certified letter with return receipt requested.

*Id.* at 13, ¶¶ 51-54. In other words, her claim is based on irregularities in the foreclosure process.

OneWest argues that Ms. Chancellor simply has not sufficiently alleged her claim. Third Motion, ECF No. 27 at 8-9. In short, OneWest says that it had been in contact with Ms. Chancellor more than 30 days before Cal-Western recorded the notice of default and that the attestation attached to it is evidence of that contact, *see id.* at 8, while Ms. Chancellor says that OneWest did not sufficiently contact her and that the attestation is not conclusive at this stage in the proceedings, *see* Opposition, ECF No. 30 at 6-7. Ms. Chancellor is right; her allegations contradict the attestation, and, at least at the motion to dismiss stage, that is enough for her claim to survive on this basis. *See Barrionuevo v. Chase Bank, N.A.*, --- F.Supp.2d ----, 2012 WL 3235953, at *10 (N.D. Cal. Aug. 6, 2012) ("When a plaintiff's allegations dispute the validity of defendant's declaration of compliance in a Notice of Default as here, the plaintiff has 'plead enough facts to state a claim to relief that is plausible on its face.'") (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)) (internal quotation marks omitted); *Longhurst v. JP Morgan Chase Bank, N.A.*, No. 2:11–cv–02604–MCE–CMK, 2012 WL 2912335, at *3 (E.D. Cal. July 16, 2012) (plaintiff's allegations to the contrary of defendant's declaration "are sufficient to defeat a motion to dismiss"); *Argueta v. J.P. Morgan Chase*, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011) ("While the moving defendants' provided the Notice of Default in which Quality Loan declares that it complied with the statute, the Complaint's allegations to the contrary are sufficient to defeat a motion to dismiss.") (citing *Caravantes v. Cal. Reconveyance Co.*, No. 10–CV–1407, 2010 WL 4055560, at *8 (S.D. Cal. Oct. 14, 2010)).

OneWest also argues that Ms. Chancellor's claim fails because she has not alleged that she can tender the amount she owes. Third Motion, ECF No. 27 at 6-7.[5] Generally, the "tender rule" applies to claims to set aside a trustee's sale for procedural irregularities or alleged deficiencies in the sale

---

[5] OneWest also argues that Ms. Chancellor's other claims fail for this reason because they too are based on her allegations of wrongful foreclosure. Third Motion, ECF No. 27 at 6. While Ms. Chancellor's quiet title claim also is based on procedural irregularities in the foreclosure process, *see* SAC, ECF No. 27 at 29-30, ¶¶ 157-64, her other claims are based on different conduct (e.g., the breach of the purported oral contract between her and OneWest, the breach of the terms of the HAMP TPP). For this reason, the court only addresses OneWest's tender argument with respect to Ms. Chancellor's claims for wrongful foreclosure and quiet title.

C 12-01068 LB
ORDER                                            8

notice. *Robinson v. Bank of America*, No. 12–CV–00494–RMW, 2012 WL 1932842, at *3 (N.D. Cal. May 29, 2012); *Tamburri v. Suntrust Mortg., Inc.*, No. C–11–2899 EMC, 2011 WL 6294472, at *3 (N.D. Cal. Dec. 15, 2011). "[T]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *Tamburri*, 2011 WL 6294472, at *3 (quoting *Cohn v. Bank of America*, No. 2:10–cv–00865 MCE KJN PS, 2011 WL 98840, at *9 (E.D. Cal. Jan. 12, 2011)). The rule is not absolute, though. Indeed, "[t]ender may not be required where it would be inequitable to do so." *See Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (Cal. Ct. App. 1997) (person who purchased the plaintiff's property at the foreclosure sale was the plaintiff's own foreclosure consultant who represented that he would assist the plaintiff in avoiding foreclosure). In addition, several federal courts sitting in California have held that the tender rule applies only in cases seeking to set aside a completed sale, rather than an action to prevent a pending sale. *See*, *e.g.*, *Robinson*, 2012 WL 1932842, at *4; *Vissuet v. Indymac Mortg. Serv.*, No. 09–CV–2321–IEG (CAB), 2010 WL 1031013, at *2 (S.D. Cal. Mar.19, 2010); *Giannini v. American Home Mortg. Servicing, Inc.*, No. 11–04489 TEH, 2012 WL 298254, at *3 (N.D.Cal. Feb.1, 2012).

Importantly, though, tender is not required where a plaintiff alleges a violation of California Civil Code § 2923.5, because, as one California appellate court has stated, "[t]he whole point of section 2923.5 is to create a new, even if limited right, to be contacted about the possibility of alternatives to full payment of arrearages. It would be contradictory to thwart the very operation of the statute if enforcement were predicated on full tender." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (Cal. Ct. App. 2010); *see Perez v. American Home Mortg. Servicing, Inc.*, No. C 12–00932 WHA, 2012 WL 1413300, at *5 (N.D. Cal. Apr. 23, 2012) ("Contrary to defendants' contention, a borrower need not tender the full amount of indebtedness to be entitled to her rights under Section 2923.5."); *Valdez v. JPMorgan Chase Bank, N.A.*, No. EDCV 11–0935 DOC (DTBx), 2012 WL 995278, at *5 n.5 (C.D. Cal. Mar. 20, 2012) (citing *Mabry*); *Luciw v. Bank of America, N.A.*, No. 5:10–cv–5969–JF (HRL), 2011 WL 1740114, at *2 (N.D. Cal. May 5, 2011). Ms. Chancellor made this argument in her opposition, *see* Opposition, ECF No. 30 at 5, and OneWest did not attempt to distinguish *Mabry's* reasoning in its motion to dismiss, *see* Third Motion, ECF

No. 27 at 7.[6]

Accordingly, Ms. Chancellor's first cause of action for violation of California Civil Code § 2923.5 **SURVIVES**.

**B. Breach of Oral Contract**

In her second cause of action, Ms. Chancellor brings a claim against Defendants for breach of an oral contract. SAC, ECF No. 19 at 15-16, ¶¶ 66-70. She brought this claim in her First Amended Complaint, *see* FAC, ECF No. 11 at 18, ¶¶ 85-86, but the court dismissed it because she did not sufficiently allege the existence of an oral contract. 5/22/2012 Order, ECF No. 18 at 14-15. The court specifically noted that Ms. Chancellor had not alleged consideration:

> Although OneWest did not make any specific arguments with respect to this oral contract, the court does not believe Ms. Chancellor has sufficiently alleged its existence. For one, Ms. Chancellor does not allege any facts to suggest that the oral contract is supported by consideration. Under California law, "good consideration" to support a contract is:
>
>> Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.
>
> Cal. Civ. Code § 1605. "Generally speaking, a commitment to perform a preexisting contractual obligation has no value. In contractual parlance, for example, doing or promising to do something one is already legally bound to do cannot constitute the consideration needed to support a binding contract." *Auerbach v. Great W. Bank*, 74 Cal. App. 4th, 1172, 1185 (1999) (citations omitted). On the other hand, "[u]nder California law, consideration exists even if the performance due 'consists almost wholly of a performance that is already required and that this performance is the main object of the promisor's desire. It is enough that some small additional performance is bargained for and given. . . . [It is sufficient] if the act or forebearance given or promised as consideration differs in any way from what was previously due.'" *Ansanelli v. JP Morgan Chase Bank, N.A.*, No. C 10–03892 WHA, 2011 WL 1134451, at *4 (quoting *House v. Lala*, 214 Cal. App. 2d 238, 243 (1963)) (finding that consideration existed where plaintiffs expended time and energy and made financial disclosures in furtherance of the TPP agreement, which they would not have been required to do under the original contract). *See Wigod v. Wells Fargo Bank*, 637 F.3d 547, 564 (7th Cir. 2012) (TPP at issue in that case was supported by consideration because the borrower agreed to "open new escrow accounts, to undergo credit counseling (if asked), and to provide and vouch for the truth of her financial information"); *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1067 (N.D. Cal. 2011) ("additional consideration suffered was the credit consequences of

---

[6] The court notes that OneWest did argue that *Mabry* simply does not apply because Ms. Chancellor's § 2923.5 claim fails because it is insufficiently alleged, but the court ruled above that her claim *was* sufficiently alleged.

> [plaintiffs'] partial mortgage payments and fulfilling the burdensome documentation requirements of the loan modification approval process"). While Ms. Chancellor alleges that OneWest promised that it "would not proceed with a foreclosure of [her] property while they were reviewing any proposed loan modification agreement," she does not allege what she was supposed to do or give in return. To the extent that Ms. Chancellor's breach of contract claim is based on the oral contract, it is dismissed without prejudice.

5/22/2012 Order, ECF No. 18 at 14-15. In her Second Amended Complaint, Ms. Chancellor adds the following allegation:

> In consideration of ONEWEST's promise not to pursue a foreclosure during the loan modification process, [Ms. Chancellor] agreed to, and followed through with, providing timely and thorough responses to all of ONEWEST's requests for information. Moreover, [Ms. Chancellor] continued to maintain and steward the Subject Property.

SAC, ECF No. 19 at 15, ¶ 69.

OneWest argues that Ms. Chancellor still has not alleged consideration. Third Motion, ECF No. 27 at 9. The court is not persuaded. Under the authority the court cited in its 5/22/2012 Order, Ms. Chancellor has sufficiently alleged consideration for the oral contract. *See Wigod v. Wells Fargo Bank*, 637 F.3d 547, 564 (7th Cir. 2012); *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1067 (N.D. Cal. 2011); *Ansanelli v. JP Morgan Chase Bank, N.A.*, No. C 10–03892 WHA, 2011 WL 1134451, at *4.

OneWest also argues that Ms. Chancellor has not sufficiently alleged her claim for breach of the oral agreement, Third Motion, ECF No. 27 at 9-10, but this argument also fails. OneWest argues that "the operative terms of the alleged agreement was to 'suspend any scheduled foreclosure sale,' not to refrain from recording notice of default, and there was no scheduled sale at any time prior to [Ms. Chancellor] being informed that she did not qualify for permanent modification." *Id*. at 10. But the language OneWest quotes above is from the HAMP TPP, not the oral representations related to the oral contract. As Ms. Chancellor pointed out in her opposition (even though it is clear from the Second Amended Complaint), the two alleged contracts (the HAMP TPP and the oral contract) are separate from one another. Ms. Chancellor has alleged two breaches of two contracts, not one breach of one contract. Simply put, OneWest's argument with respect to the oral contract does not make sense.

Accordingly, Ms. Chancellor's second cause of action for breach of an oral contract

**SURVIVES**.

**C. Breach of the Covenant of Good Faith and Fair Dealing**

In her fifth cause of action, Ms. Chancellor re-alleges her claim against Defendants for breach of the covenant of good faith and fair dealing. SAC, ECF No. 19 at 19-21, ¶¶ 94-106. She alleged this claim in her First Amended Complaint, but the court dismissed it because she did not specify which contract is was based on. 5/22/2012 Order, ECF No. 18 at 18.[7] The court explained:

> In her First Amended Complaint, she alleges that "[t]he terms of the Loan imposed upon Defendants a duty a good faith and fair dealing in this matter," and that Defendants breached it "when Defendants did not provide [her with] a permanent loan modification under HAMP, and then refused to accept mortgage payments from [her] in attempt to force [her] property into foreclosure." FAC, ECF No. 11 at 22-23, ¶¶ 114, 116. But she does not define "the Loan." *See id.* at 6, ¶ 16 (first use of "the Loan"). It appears that she uses it to refer to the mortgage she entered into with IndyMac in 2007, but if that is the case, she does not allege that it requires anyone to permanently modify her loan. But if she means to refer to some later agreement, such as the alleged oral agreement, the HAMP TPP, or something else, her allegation is unclear and insufficient. In such a circumstance, her claim for breach of the implied covenant of good faith and fair dealing is dismissed without prejudice.

5/22/2012 Order, ECF No. 18 at 18.

In her Second Amended Complaint, Ms. Chancellor specifies that her claim is based on the HAMP TPP. SAC, ECF No. 20-21, ¶¶ 98-103. But instead of alleging that Defendants breached the covenant of good faith and fair dealing by not providing her with a permanent loan modification under HAMP and by refusing to access mortgage payments from her, *see* FAC, ECF No. 11 at 22-23, ¶¶ 114, 116, she now alleges that Defendants breached it by initiating foreclosure activities in breach of the HAMP TPP, *see* SAC, ECF No. 19 at 20-21, ¶¶ 98-103.

Now, OneWest argues that her claim fails because the HAMP TPP says that OneWest would "suspend any scheduled foreclosure sale," and does not say that OneWest would "forebear all

---

[7] To allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract require him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. *See* Judicial Counsel of California Civil Jury Instructions § 325 (2011); *see also Oculus Innovative Sciences, Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007)

foreclosure activities," as Ms. Chancellor alleges. Third Motion, ECF No. 27 at 10; *see* SAC, ECF No. 19 at 20, ¶ 99. In other words, OneWest argues that it did not breach the HAMP TPP by having Cal-Western record the notice of default, and so it also did not breach any duty of good faith and fair dealing.

OneWest is correct. The HAMP TPP—the contract upon which Ms. Chancellor's breach of good faith and fair dealing claim is based—states that any scheduled "foreclosure sale" would be suspended. It does not say that "foreclosure proceedings" or "foreclosure activities" would not be initiated, and it is the institution of foreclosure activities—and not the occurrence of a foreclosure sale—that Ms. Chancellor alleges breached the HAMP TPP.

Accordingly, Ms. Chancellor's fifth cause of action for breach of the covenant of good faith and fair dealing is **DISMISSED WITH PREJUDICE**. *See Ferdik*, 963 F.2d at 1261 (when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend).

### D. Negligent Misrepresentation

In her eighth cause of action, Ms. Chancellor re-alleges her claim against Defendants for negligent misrepresentation. SAC, ECF No. 19 at 27-29, ¶¶ 145-156.

To state a claim for negligent misrepresentation, a plaintiff must allege the following: "1) a representation as to a material fact; 2) that the representation is untrue; 3) that the defendant made the representation without a reasonable ground for believing it true; 4) an intent to induce reliance; 5) justifiable reliance by the plaintiff who does not know that the representation is false; and, 6) damage." *Bear Stearns & Co. v. Daisy Sys. Corp.*, 97 F.3d 1171, 1180 (9th Cir. 1996) (citing *Masters v. San Bernardino County Employees Retirement Ass'n*, 32 Cal. App. 4th 30, 40 n.6 (Cal. Ct. App. 1995)). As with intentional misrepresentation, the existence of a duty of care is necessary to support a negligent misrepresentation claim. *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1523 (N.D. Cal. 1990) ("Liability for negligent misrepresentation may attach only where plaintiff establishes that defendants breached a duty owed to him"); *Garcia v. Superior Court*, 50 Cal. 3d 728, 735 (1990).

The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation, but most district courts in California hold that it does.

*See*, *e.g.*, *Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010) ("[N]egligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s heightened pleading standard . . . ."); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1176 (S.D. Cal. 2010); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *but see Petersen v. Allstate Indem. Co.*, 2012 U.S. Dist. LEXIS 32968, *8–9 (C.D. Cal. Mar. 12, 2012) (finding that Rule 9(b) does not apply to negligent misrepresentation claims; criticizing *Neilson*). This court, too, finds that it does.

The court found in its 5/22/2012 Order that the negligent misrepresentation claim in Ms. Chancellor's First Amended Complaint failed for several reasons. First, it failed because she based her claim only on the HAMP TPP's provision that states that OneWest would "suspend any scheduled foreclosure sale" as long as she complied with the HAMP TPP's terms. 5/22/2012 Order, ECF No. 18 at 22. As the court explained, "[o]n its own, this does not suffice to allege intentional or negligent misrepresentation" because "[i]f it did, every breach of contract claim would also be a claim for misrepresentation." *Id*. Second, her breach-of-contract-style allegation was insufficient on its own because she also failed to allege that a statement was made without a reasonable ground for believing it true. *Id*. Third, to the extent that she based her claim on the allegation that "she was told by representatives of ONEWEST that Defendants would not initiate any foreclosure proceeding unless [she] defaulted under the terms of the [HAMP TPP]," her claim failed because the allegation did not meet the heightened pleading standard under Rule 9(b). *Id*. (quoting FAC, ECF No. 11 at 36, ¶ 198). For instance, she did not allege when such statement occurred, who said it, or in what context it was said. *Id*.

Ms. Chancellor's claim fails once again. As OneWest points out, she does not allege an untrue representation of material fact with the sufficient particularity. She alleges that OneWest stated in the HAMP TPP that it would not initiate foreclosure activities, but as explained above, the HAMP TPP states only that OneWest would "suspend any scheduled foreclosure sales." She also alleges that unidentified representatives of OneWest told her that OneWest would not initiate any foreclosure proceedings, but again she does not sufficiently allege when such statement occurred, who said it, or in what context it was said. The court alerted Ms. Chancellor to these deficiencies in

its last order, but she did not correct them. Accordingly, Ms. Chancellor's eighth cause of action for negligent misrepresentation is **DISMISSED WITH PREJUDICE**. *See Ferdik*, 963 F.2d at 1261 (when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend).

### E. Quiet Title

In her ninth cause of action, Ms. Chancellor re-alleges her claim for quiet title. SAC, ECF No. 19 at 29-30, ¶¶ 157-164.

In its 5/22/2012 Order, the court dismissed Ms. Chancellor's quiet title claim because she failed to allege a valid and viable tender of the debt owed. 5/22/2012 Order, ECF No. 18 at 25-26. As the court explained:

> Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. *See* Cal. Code Civ. Pro. § 761.020; *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177–78 (E.D. Cal. 2010); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975–76 (N.D. Cal. 2010); *Ferguson v. Avelo Mortg., LLC*, 126 Cal. Rptr. 3d 586, 591 (2011). A requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." *Kelley v. Mortgage Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "Thus, it is dispositive as to this claim that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld*, 732 F. Supp. 2d at 975 (N.D. Cal. 2010) (citing *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted)).
>
> Ms. Chancellor does not allege a valid and viable tender offer. Her quiet title claim fails for that reason and is dismissed without prejudice.

5/22/2012 Order, ECF No. 18 at 25-26. Ms. Chancellor still does not allege a valid and viable tender offer. *See generally* SAC, ECF No. 19, and the court, above, rejected her argument that she need not do so. Moreover, because a quiet title claim is distinct from a claim under California Civil Code § 2923.5, the reasoning and holding in *Mabry* do not apply. *See Mabry*, 185 Cal. App. 4th at 225. The court also does not believe that Ms. Chancellor's allegations come close to the level of inequitable conduct displayed in *Onofrio*, so that case does not help, either. *See Onofrio*, 55 Cal. App. 4th at 424 (person who purchased the plaintiff's property at the foreclosure sale was the

plaintiff's own foreclosure consultant who represented that he would assist the plaintiff in avoiding foreclosure). Accordingly, Ms. Chancellor's ninth cause of action for quiet title is **DISMISSED WITH PREJUDICE**. *See Ferdik*, 963 F.2d at 1261 (when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend).

## V. CONCLUSION

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** OneWest's motion. Specifically, the court **DISMISSES WITH PREJUDICE** Ms. Chancellor's fifth, eighth, and ninth causes of action for breach of the covenant of good faith and fair dealing, negligent misrepresentation, and quiet title. Her first and second causes of action for wrongful foreclosure and breach of oral contract **SURVIVE**, and her third, fourth, sixth, and seventh causes of action for breach of written contract, violation of RESPA, violation of California Business and Professions Code § 17200 et seq., and negligence survived from the last order granting in part and denying in part OneWest's second motion to dismiss.

Thus, all of Ms. Chancellor's claims either survive or have been dismissed with prejudice. To avoid confusion and to clarify the record, Ms. Chancellor is directed to file, within 14 days from the date of this order, a Third Amended Complaint that includes only her surviving causes of action. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), OneWest shall answer Ms. Chancellor's Third Amended Complaint within 14 days of being served with it.

This disposes of ECF No. 27.

**IT IS SO ORDERED.**

Dated: September 4, 2012

_____
LAUREL BEELER
United States Magistrate Judge